ASA C. COLLIER vs. CYRUS PIERCE.

If the owner of two adjoining lots of land, on one of which is a building with a window in the wall close to the dividing line between the two, overlooking the other lot, sells them both by auction on the same day, with the privileges and appurtenances belonging to each, the purchaser of the lot on which the building stands acquires no right of light and air over the other lot, though the sale and conveyance to him respectively precede the sale and conveyance of the other lot.

ACTION OF TORT for obstructing the access of light and air to a window in the plaintiff's shop. Trial before *Metcalf*, J., who reported to the full court the following case:

On the 25th of April 1853 the Concord Milldam Company, being the owners of the land on which the shop stood, and of another lot immediately adjoining, put up both lots for sale by auction. The plaintiff's lot was bid off first; and immediately after the sale to the plaintiff the other lot was put up and bid off by the defendant; a deed of the plaintiff's lot, "with all the privileges and appurtenances thereunto belonging," with covenants of special warranty against the grantors and all claiming under them, was made and delivered to him on the 30th of April 1853, and a similar deed to the defendant on the 22d of July 1853; but both the plaintiff and the defendant took possession of their respective lots immediately after the sale.

At the time of the sale, there was a window in the shop upon the first lot, looking out upon the other lot, upon which there was no building. The defendant, soon after the conveyance to him, erected a building on his land, touching the plaintiff's shop, and entirely obscuring the window, which was the tort sued for.

If the plaintiff can maintain his action, he is to have judgment for nominal damages; if he cannot, judgment is to be entered for the defendant.

*J. G. Abbott & S. A. Brown*, for the plaintiff. The plaintiff, by virtue of the sale and deed to him, each of which was made

before that to the defendant, acquired a right to the window, so that it could not be obstructed by the grantor, or any one claiming under him. *Story* v. *Odin*, 12 Mass. 159. *Grant* v. *Chase*, 17 Mass. 447. *Swansborough* v. *Coventry*, 9 Bing. 305. *Riviere* v. *Bower*, Ry. & Mood. 24. *Coutts* v. *Gorham*, Mood. & Malk. 396. *Compton* v. *Richards*, 1 Price, 27.

*G. M. Brooks*, for the defendant. 1. Both estates, of the plaintiff and the defendant, having been owned until the sale by the same grantor, no easement was created in favor of one or against the other. *Johnson* v. *Jordan*, 2 Met. 239. *Atkins* v. *Bordman*, 2 Met. 457.

2. Nothing will pass as incident or appurtenant to a grant, except what is necessary to the enjoyment of the principal thing granted; and the mere fact of the existence of a window in the building conveyed, looking out upon other land of the grantor, is not of itself sufficient to show that such an easement is necessary to the enjoyment of the grant. *Gayetty* v. *Bethune*, 14 Mass. 49. *Grant* v. *Chase*, 17 Mass. 443. *Nichols* v. *Luce*, 24 Pick. 102. *Johnson* v. *Jordan*, 2 Met. 234. *Symmes* v. *Drew*, 21 Pick. 278. *Cocheco Manuf. Co.* v. *Whittier*, 10 N. H. 305. *Pomfret* v. *Ricroft*, 1 Saund. 323, & note 6. *Whalley* v. *Tompson*, 1 Bos. & Pul. 371. *Canham* v. *Fisk*, 2 Tyrwh. 155. Com. Dig. Chimin, D.

3. Twenty years' user of light and air over land adjoining a building, with windows overlooking it, creates no easement. *Bury* v. *Pope*, Cro. Eliz. 118. *Parker* v. *Foote*, 19 Wend. 309. *Myers* v. *Gemmel*, 10 Barb. 537. *Palmer* v. *Wetmore*, 2 Sandf. 316. *Pierre* v. *Fernald*, 26 Maine, 436. *Fifty Associates* v. *Tudor*, 6 Gray, 255. *St.* 1852, *c.* 144.

SHAW, C. J. The present case involves no question respecting the right which the owner of a building may claim for light and air through one or more windows, from and over the land of another, by actual use and enjoyment for a required length of time. The question turns wholly upon the construction of the deed from the Concord Milldam Company to the plaintiff, and that question is whether, by implication, any right to air and light was granted by that deed to the plaintiff.

The material facts are that this corporation, being the owners of land including the respective lots now held by the plaintiff and the defendant, offered the land for sale by auction, in lots designated by metes and bounds. The lots were put up for sale, and sold on the same day, one purchased by the plaintiff, the other by the defendant, that to the plaintiff being bid off first, and subsequently deeds given accordingly, that to the plaintiff being first. Neither by the terms of sale, nor by the deeds, was any specific easement for air or light expressed to be granted or reserved to one over the other. Under these circumstances, we think the plaintiff did not acquire a right by implication to air and light over the lot granted to the defendant, at the same sale, through the aperture for a window in the wall on the dividing line.

There having been, up to the time of the sale, a unity of title in the whole parcel, no easement had been acquired by one over the other. The allotment and sale proposed a new mode of holding, and for purposes different from those under which it had been previously occupied. The sale was much more like partition, than a grant by one proprietor of part of his estate, retaining the residue. If it had been intended to subject one to a servitude in favor of another, it is strange that it was not expressed, especially as such a sale, which it was quite competent for the owner to make, would have a tendency to enhance the price of the one, and reduce that of the other. We cannot distinguish it from the case of *Johnson* v. *Jordan*, 2 Met. 239. There it was found that the actually existing drain was not necessary for the use of the tenement for which it was claimed. And in the present case it does not appear that the window in question is necessary to the convenient enjoyment of the plaintiff's tenement.

A case similar in some respects to this was cited for the plaintiff, *Swansborough* v. *Coventry*, 9 Bing. 305. But in that case the tenement was sold as a dwelling-house, " with all the *lights*, easements, rights, privileges and appurtenances, to the same belonging, or in any way appertaining." The right to lights therefore, as they then actually existed, was thus expressly granted.

In the present case, we are of opinion that the plaintiff did not acquire the right to air and light through the window in question, from and over the defendant's land, by implication, as a necessary incident, and therefore that this action for obstructing it cannot be maintained.     *Judgment for the defendant.*